UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW HIIPAKKA,<br><br>Defendant. | 5:14-CR-50071-JLV<br><br>**ORDER GRANTING MOTION TO REOPEN DETENTION HEARING AND ORDER DETAINING DEFENDANT** |

## INTRODUCTION

Andrew Hiipakka is before the court on an indictment charging him with receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (a)(5)(B).  See Docket No. 1.  Approximately 9 weeks after the court released Mr. Hiipakka on bond, the government moved to reopen the bond hearing and to have Mr. Hiipakka held in custody pretrial.  See Docket No. 22.  An evidentiary hearing was held on November 5, 2014, on the government's motion and each side has now submitted supplemental briefs.  See Docket Nos. 29, 30.  The following is this court's decision.

## FACTS

Defendant Andrew Hiipakka asserts that law enforcement received a tip that he was receiving images of child pornography sometime in the early summer of 2014.  Mr. Hiipakka asserts that law enforcement obtained a search

warrant for Mr. Hiipakka's residence on June 17, 2014, but did not execute the search at that time because Mr. Hiipakka was gone and would reportedly not be back "for some time." See Docket No. 31.  Mr. Hiipakka alleges that law enforcement then obtained a new search warrant for his home on August 13, 2014, and executed that warrant on August 14, 2014.  Id.  Four days later, Agent Brent Gromer of the South Dakota Division of Criminal Investigation first removed a hard drive from Mr. Hiipakka's computer that had been seized in the search.  Id.  Mr. Hiipakka was arrested on a state criminal complaint and arrest warrant the next day.  Id.

On August 19 and 20, 2014, news sources reported that Andrew Hiipakka was charged with eight counts of possession, manufacturing, or distributing child pornography in South Dakota State Circuit Court.  See e.g. http://keloland.com/newsdetail.dfm/former-middle-school-teacher-indicted-on-child-pornography-charges/?id+168425.[1] (reported August 20, 2014). News stories reported that law enforcement, after receiving a tip, had discovered Mr. Hiipakka had stored on his computer several videos and other images depicting young boys in various sexual acts, including some with adults, "all of them too offensive to describe in detail on television."  Id.  The news report stated that the ages of the victims depicted in Mr. Hiipakka's collection of pornography ranged from three years old to 14 years old.  Id.  The news report also stated that investigators had found several sub-folders on Mr. Hiipakka's computer containing more than 1,000 additional child pornography files, not

---

[1] Last checked on November 10, 2014.

2

all of which police had been able to review at the time of the news report.  Id.  See also http://rapidcityjournal.com/news/local/middle-school-teacher-arrested-on-child-pornography-charges/article_2de17c1e-eca9-5a82-982e-d622d4b4c937.html.[2]  (reporting the same information one day earlier on August 19, 2014).  News reports stated that Mr. Hiipakka's employer, a school, had been informed of the investigation on August 14, 2014.  Id.  According to news reports, Mr. Hiipakka was being held in state court on a $50,000 bond.  Id.

The government indicted Mr. Hiipakka in this court on August 26, 2014.  See Docket No. 1.  He was arrested on these federal charges on the same day and made his initial appearance in this court on August 27, 2014.  See Docket No. 10.  A full contested bond hearing was held at that time and the government presented testimony as well as argument and proffers.  Id.  The government's case agent, Brent Gromer, testified.  See Docket No. 33.  Agent Gromer is the Commander for the State of South Dakota's Internet Crimes Against Children task force.  Id. at 5.

Agent Gromer testified that he had begun forensic examinations on Mr. Hiipakka's computer on the Monday previous to the bond hearing.  See Docket No. 33 at p. 6.  The court takes judicial notice that was August 25, 2014, two days prior to the bond hearing.

In the two days that Agent Gromer had been able to spend examining Mr. Hiipakka's computer, he had looked at a single folder labeled "Video" that

---

[2] Last checked on November 10, 2014.

3

contained approximately 95,000 images.  Id. at p. 8.  Of those 95,000 images, Agent Gromer had been able to examine approximately 10 percent of the images.  Id.  Of that 10 percent (roughly 9,500 images), 4,880 images were identified by Agent Gromer as being child pornography.  Id.  Agent Gromer indicated because of the large volume of images on Mr. Hiipakka's computer, it would take him some time to finish his forensic examination.  Id. at pp. 8-9.

Regarding the 4,880 images of child pornography Agent Gromer had identified prior to the hearing, he had identified several involving acts of violent rape against a child, images of bondage involving children, and pornography involving children as young as one year old.  Id. at pp. 9-10.  The majority of the images Agent Gromer had seen involved boys between the ages of 10 to 15 years old.  Id. at p. 11.  Many of the images involved depictions of children being sexually penetrated by adults.  Id.  Agent Gromer's examination of Mr. Hiipakka's computer was not yet at a point where Agent Gromer could testify whether any of the images had been produced by Mr. Hiipakka or merely received by him.  Id. at p. 12.  In response to cross-examination by Mr. Hiipakka's attorney, Agent Gromer testified that his examination, so far, did not indicate any evidence that Mr. Hiipakka had actually made sexual contact with any child.  Id. at pp. 13-14.

Following the August 27, 2014, hearing, the court decided that Mr. Hiipakka could be released on bond with significant restrictive conditions.  See Docket No. 16.  Among those conditions were:

- Mr. Hiipakka was placed on home confinement and required to wear a Remote Location Monitoring Device;

- Mr. Hiipakka is subject to a curfew every night from 10:00 p.m. to 7:00 a.m.;

- Mr. Hiipakka cannot possess any weapons or alcohol;

- Mr. Hiipakka may not have contact with anyone under the age of 18;

- Mr. Hiipakka may not use a computer except under certain controlled circumstances for the purpose of searching for a job; and

- Mr. Hiipakka must abide by all court orders, including his bond order in state court.

Id.  A report submitted by pretrial services prior to the November 5 hearing on the government's motion indicated that Mr. Hiipakka has been compliant with all conditions set for him on August 27, 2014.  Indeed, the government's motion does not allege that Mr. Hiipakka has violated any of these conditions.

Rather, the government seeks to reopen the bond hearing held over two months ago on the basis of information that was in the possession of government investigators at the time of Mr. Hiipakka's first bond hearing, but not "known" to the government because of the huge volume of evidence on Mr. Hiipakka's computer and the limited amount of time police had had as of August 27, 2014, to review that evidence.  Mr. Hiipakka claims that the government has not shown grounds for reopening the bond hearing and resists the government's request to take him into custody pending trial.

The court held an evidentiary hearing on November 5, 2014, at which both counsel and Mr. Hiipakka were present. At that hearing, the court allowed the government to present evidence provisionally, and directed the lawyers to submit supplemental briefs regarding whether the court should reopen the bond hearing held previously. Because Mr. Hiipakka and his counsel were not aware of the government's allegations and motion until just prior to the hearing, the court accorded them the right to request a further evidentiary hearing if, after receipt of the government's evidence and the supplemental briefs, the defense decided that there was evidence they wished to present. Although Mr. Hiipakka has submitted two supplemental briefs, he has not requested a further evidentiary hearing to present evidence of his own.

The evidence the government presented on November 5, 2014, was as follows. Agent Gromer again testified. He indicated that he had examined Mr. Hiipakka's computer and viewed approximately 100,000 images. Of those, approximately 10,000 were marked as child pornography. Many involved bondage and violence including taped ankles and wrists, ball gags and sexual penetration. The children depicted in the pornography on Mr. Hiipakka's computer ranged in age from one year old to young teens. This testimony is much the same as was adduced at the August 27, 2014, hearing.

However, Agent Gromer also testified to new evidence he had discovered since the time of the August 27 hearing. Specifically, he uncovered a lengthy series of chats between Mr. Hiipakka and an individual who identified himself as a 14-year-old boy. The alleged boy provided Mr. Hiipakka a photograph of

himself that looked like a 14-year-old boy.  Mr. Hiipakka sent the boy images of himself, including his face and pubic region.  Mr. Hiipakka and the boy exchanged approximately 50 images of child pornography.  Mr. Hiipakka continued his contact with this boy after the point that the boy identified himself as a 14-year-old.

In addition to sharing images of child pornography with each other, Mr. Hiipakka and the boy engaged in a series of chats where they co-authored their own fantasy pornography fiction.  The narrative of the fictions involved the brutal capture and raping of young boys involving extreme bondage and extremely violent penetrations.

Agent Gromer's examination of Mr. Hiipakka's computer also revealed a second contact between Mr. Hiipakka and a man who identified himself as being 19 years old.  The 19-year-old told Mr. Hiipakka that he had an 8-year-old brother.  Mr. Hiipakka gave the 19-year-old advice on how to anally rape his younger brother and asked the 19-year-old to "keep him posted" of his advances on the brother.  Mr. Hiipakka and the 19-year-old also discussed a shared fantasy of raping a 5-year-old.

Agent Gromer testified that he has examined 4 out of 5 chat lines found on Mr. Hiipakka's computer.  He is in the process of examining the fifth and final chat line, but that examination had not yet been completed.

In addition to the above evidence gleaned from Mr. Hiipakka's computer since August 27, Agent Gromer also testified that he found that Mr. Hiipakka had conducted several searches on his computer.  One search was how to

7

teach boys to masturbate.  Another search was looking for the five steps pedophiles use to groom their victims.  One of the steps described the fact that victims of pedophiles often come from dysfunctional families where the family unit may have been split up.  Finally, Agent Gromer testified that Mr. Hiipakka ran a search on his computer using a mapping device to locate where foster homes were in Rapid City, in relation to Mr. Hiipakka's residence.

## DISCUSSION

**A.     Law Controlling the Initial Decision Whether To Release**

The controlling law for this court's initial determination as to whether to detain Mr. Hiipakka or to release him on bond is set forth in the Bail Reform Act, 18 U.S.C. § 3142.  For the ordinary case, the Act specifies a presumption in favor of release.  18 U.S.C. § 3142(a), (b), (c), and (e).  The government may move for detention based on either risk of flight or danger to the community or others (or both grounds).  18 U.S.C. § 3142(f)(1).  The court may order detention *sua sponte* only for risk of flight or based on a serious risk that the defendant will obstruct or attempt to obstruct justice, or will threaten, injure, or intimidate or attempt to threaten, injure or intimidate a prospective witness or juror.  18 U.S.C. § 3142(f)(2).

In order to justify detention based on a defendant's risk of nonappearance, the defendant's risk of flight must be established by a preponderance of the evidence.  United States v. Orta, 760 F.2d 887, 891 n.20 (8th Cir. 1985).  In order to justify detention based on a defendant's

8

dangerousness, the danger must be established by clear and convincing evidence.  18 U.S.C. § 3142(f).

However, in cases in which there is probable cause to believe that a defendant received or distributed pornography involving a minor victim, in violation of 18 U.S.C. § 2252Aa(a)(2), the presumption is reversed and there is a presumption that the defendant should be detained pending trial.  18 U.S.C. § 3142(e)(3)(E).  The presumption of detention found in § 3142(e) represents a Congressional finding "that certain offenders . . . as a group are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions."  United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986).  The burden of rebutting the § 3142(e) presumption rests on the defendant.  See 18 U.S.C. § 3142(e).  The burden does not shift the burden of persuasion to the defendant, but only imposes on him a burden of production.  Id.  It requires the defendant to meet a burden of production "to offer some credible evidence contrary to the statutory presumption."  United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).  See also Dominguez, 783 F.2d at 707.

Even if the defendant satisfies the burden of production, the presumption does not disappear; instead the court is required to consider the presumption along with all other evidence before the court in coming to a conclusion whether to release the defendant.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); Dominguez, 783 F.2d at 707.  Once the defendant

has met his burden of production, the court cannot rely solely on the presumption in detaining the defendant.  <u>Dominguez</u>, 783 F.2d at 707.

Even if the defendant succeeds in carrying his burden of production by showing some credible evidence that he is not a risk of flight or a danger to anyone, the court is required to impose electronic monitoring as a mandatory condition of release of any defendant charged with the violation of 18 U.S.C. § 2252A(a)(2) involving a minor victim.  18 U.S.C. § 3142(c)(1).  The court is also required to impose restrictions on personal associations, place of abode or travel; to avoid all contact with any potential witness; to report on a regular basis to pretrial services; to comply with a curfew; and to refrain from possessing a firearm, destructive device, or other dangerous weapon.  <u>Id.</u>

The presumption found at § 3142(e) does not apply unless the court finds probable cause to believe Mr. Hiipakka committed a violation of 18 U.S.C. § 2252A(a)(2) involving a minor victim.  Here, the court takes judicial notice of the fact that a grand jury issued the indictment in this case, resulting in the present charges.  Therefore, the grand jury found probable cause to believe that Mr. Hiipakka committed a violation of 18 U.S.C. § 2252A(a)(2) involving a minor victim.  This alone would be sufficient to trigger the presumption of detention.

However, the court also finds that probable cause exists–independent from the grand jury's determination–to believe that Mr. Hiipakka committed a violation of 18 U.S.C. § 2252A(a)(2) involving a minor victim.  The government introduced lengthy and detailed testimony from its case agent regarding the

evidence located on Mr. Hiipakka's computer. The evidence was to the effect that many pornographic images of very young boys ranging from toddler age to preadolescents were found on Mr. Hiipakka's computer. Further, that Mr. Hippakka had engaged in pornographic internet chats with a boy who identified himself as being 14 years of age. The court finds that this testimony establishes probable cause to believe Mr. Hiipakka violated § 2252A(a)(2) involving a minor victim. Therefore, the rebuttable presumption found at § 3142(e)(3) that Mr. Hiipakka should be detained applies in this case.

In determining whether there are conditions that would assure Mr. Hiipakka's appearance as well as the safety of any other person and the community, the Bail Reform Act directs the court to consider the available evidence concerning the following:

>   –the nature and circumstances of the offense charged, including whether a minor victim is involved
>
>   –the weight of the evidence against Mr. Hiipakka
>
>   –Mr. Hiipakka's history and characteristics, including
>
>   > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to any drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>   >
>   > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>   –the nature and seriousness of the danger to any person or the community that would be posed by Mr. Hiipakka's release.

See 18 U.S.C. § 3142(g).

At the full evidentiary bond hearing held in this matter on August 27, 2014, the court found that Mr. Hiipakka had rebutted the presumption of detention and that there were conditions of release that could be imposed that would address the potential risk of flight and risk of danger.  See Docket No. 16.  Chief among the factors considered by the court were the fact that Mr. Hiipakka had no criminal history, had completed a bachelor's degree and was working on a master's degree, and had been gainfully employed for the last three years.  Accordingly, the court released Mr. Hiipakka on that date.  Id.

**B.     Law Controlling the Government's Current Motion**

The provision of the Bail Reform Act relied upon by the government in its quest to reopen the bond hearing provides as follows:

> The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonable assure the appearance of such person as required and the safety of any other person and the community. . . The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

See 18 U.S.C. § 3142(f)(1) and (2).

The government argues that, although Mr. Hiipakka's computer was in its possession as of the date of the initial bond hearing back in August, due to the short amount of time that had elapsed since the government's seizure of the computer and the large volume of pornography on the computer, the

12

government did not "know" then what it "knows" now.  The government argues that this newly discovered evidence indicates that Mr. Hiipakka is much more of a risk of danger to the community than was known before.  On this basis, the government asks the court to reopen the bond hearing and to detain Mr. Hiipakka.

The government must show not only that the evidence it presents now was not known to it before, but also good cause—that the failure to have the evidence at the initial hearing was not because of a lack of reasonable diligence on the part of the government.  United States v. Flores, 856 F. Supp. 1400, 1405 (E.D. Cal. 1994).  See also United States v. Jalbert, 231 F. Supp. 2d 359, 360 (D. Maine 2002) (discussing language barrier and geography as good cause for defense counsel's failure to contact defendant's father prior to first hearing).  This is especially significant where, as here, the government did not avail itself of its right to ask the court for a three-day continuance of the original bond hearing.  See 18 U.S.C. § 3142(f)(2).  The good cause requirement serves the purpose of judicial efficiency, but also ensures that system is not "stacked": the government is not "allowed to schedule seriatim hearings for detention until it 'gets it right.' " Flores, 856 F. Supp. at 1406.

In Flores, the court granted the government's motion to reopen and concluded that the defendant should be detained.  Flores, 856 F. Supp. at 1408.  This was based, in part, on a finding that Flores had violated the conditions of release by contacting witnesses in his case.  Id.

13

In <u>United States v. Dillon</u>, 938 F.2d 1412, 1415 (1st Cir. 1991), the court affirmed the district court's decision not to reopen the detention hearing at the defendant's request to receive 18 letters of support attesting to the fact that defendant was not a risk of flight or a danger to the community.  <u>Id.</u>  The court noted that, although the letters themselves were not in existence at the first hearing and could, therefore, be considered "new," the *information* contained in the letters was not new and could have been presented at the first hearing.  <u>Id.</u>

In <u>United States v. Havens</u>, 487 F. Supp. 2d 335, 336 (W.D.N.Y. 2007), the defendant was indicted for transportation and shipment of child pornography in violation of 18 U.S.C. § 2252(a)(1) and possession of the same in violation of 18 U.S.C. § 2252(a)(4)(B).  At the initial bond hearing, the government proffered information showing that Havens had been involved in producing child pornography.  <u>Id.</u> at 339.  After the court entered its decision detaining Havens, the government notified the court and the parties that his information at the first hearing was incorrect and that Havens had only copied pre-existing pornography and had not created any images of children himself.  <u>Id.</u>  Based on this "new information," Havens asked the court to reopen the bond hearing.  <u>Id.</u>  The court denied Havens' request, noting that whether Havens actually created or merely copied existing pornography was only one of several factors which led the court to conclude that Havens should be detained.  <u>Id.</u>

In <u>United States v. Tommie</u>, 2011 WL 2457521 (D. Az. June 20, 2011), the defendant was released upon his initial appearance based on a pretrial

14

services bond report that was significantly incomplete as to defendant's criminal history.  Id. at *1-3.  Upon learning of defendant's complete criminal history, the government moved to reopen the bond hearing.  Id.  The court granted the motion and entered an order detaining the defendant.  Id.  The missing criminal information showed that defendant had five active arrest warrants outstanding, that he had numerous failures to appear in his record, and that defendant had been convicted of felony possession of drugs.  Id.  Noting that these are factors a court *must* consider when deciding whether to grant bond, and that the information was not available online at the time of defendant's prior hearing, the court found good cause for reopening the hearing.  Id. at *4-5.

     Here, the court concludes that the government has shown appropriate grounds to reopen the bond hearing last held on August 27, 2014.  At the time of the initial bond hearing, the uncontradicted testimony was that Agent Gromer had been conducting his forensic examination of Mr. Hiipakka's computer diligently since it came into his possession two days earlier.  In spite of Agent Gromer's diligent work, he had only been able to examine approximately 10 percent of a single file on Mr. Hiipakka's computer.  Indeed, even now—some two and a half months later—Agent Gromer is still not finished with his forensic examination of Mr. Hiipakka's computer as he still has a fifth chat line to examine.  Although the information was in the government's possession at the time of the August 27 hearing, the government has demonstrated (1) that it acted with due diligence in trying to discover the

evidence and (2) they have good cause for not discovering the evidence sooner—i.e. the sheer volume of material on Mr. Hiipakka's computer. Therefore, the court will grant the government's motion to reopen the bond hearing and the court takes into consideration the new evidence presented by the government at the November 5 hearing.

That evidence leads the court to conclude that Mr. Hiipakka should be detained pending trial. There is a huge difference in the danger posed by one who merely hoards and views child pornography, and one who also acts out on his fantasies by trying to make contact with an actual child. Here, the newly presented evidence is that Mr. Hiipakka was in the stages of actively trying to make contact with a child, or at the very least, actively contemplating doing so. His chats with both the 14-year-old, who Mr. Hiipakka had every reason to believe was a minor, as well as with the 19-year-old, show a person who has crossed the line from passive voyeurism to one who seeks action, even if only vicariously.

Mr. Hiipakka's own personal internet searches about teaching boys to masturbate, grooming victims for eventual conquest, and searching out a foster home in Mr. Hiipakka's own town—where one might find a child from a dysfunctional family who was vulnerable—all show additional evidence that Mr. Hiipakka was not merely a passive collector of child pornography. Accordingly, the court concludes that the factors under § 3142(g) dictate that Mr. Hiipakka be detained based on the danger he poses to the community.

The court takes into consideration the conditions of release previously imposed on Mr. Hiipakka and his apparent compliance with those conditions. However, the court is cognizant of the extreme prevalence of access to the internet in modern society, through mobile devices, gaming systems, coffee shop computers, and any number of other avenues. The court cannot hope to be aware of every interaction Mr. Hiipakka has via the internet. Further and more importantly, the court is aware that Mr. Hiipakka's location and activities cannot be supervised 24-hours of every day. Although the court may be able to ascertain Mr. Hiipakka's location at a given moment in time, that would not reveal with whom Mr. Hiipakka might be making contact.

## CONCLUSION

Based on the foregoing facts, law, and analysis, the court hereby grants the government's motion to reopen the bond hearing in this matter and grants the government's motion to have defendant Andrew Hiipakka taken into custody [Docket No. 22]. Mr. Hiipakka is hereby

ORDERED to turn himself in to the United States Marshals on the third floor of the federal building and United States Courthouse, 515 Ninth Street, by 2:00 p.m. MST on Friday, November 14, 2014.

### Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for

private consultation with defense counsel. On order of a court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 13th day of November, 2014.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge