UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ANDREW HIIPAKKA,<br><br>　　　　　　Defendant. | CR. 14-50071-JLV<br><br><br>ORDER |

**INTRODUCTION**

On August 26, 2014, a grand jury issued an indictment against defendant Andrew Hiipakka. (Docket 1). Mr. Hiipakka was charged in count I with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and in count II with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Id. Mr. Hiipakka was arrested that same day. A detention hearing was held on August 27, 2014, before United States Magistrate Judge John E. Simko. (Docket 10). At the detention hearing the government was represented by Assistant United States Attorney Sarah Collins and the defendant was represented by Assistant Federal Public Defender Gary Colbath. Id. Following the presentation of evidence by the government, Magistrate Judge Simko entered an order setting conditions of release. See Dockets 8, 10 & 16.

On October 30, 2014, the government filed an *ex parte* motion to reconsider bond. (Docket 22). The same day, United States Magistrate Judge

Veronica L. Duffy entered an order directing a summons be issued to Mr. Hiipakka and that a hearing on the government's *ex parte* motion be held. (Docket 23). On November 4, 2014, an evidentiary hearing was held at which Mr. Hiipakka, Mr. Colbath and Ms. Collins appeared. (Docket 26). Magistrate Judge Duffy ordered post-hearing briefing and permitted Mr. Hiipakka to remain on bond pending a decision on the government's motion. Id. On November 13, 2014, Magistrate Duffy filed an order granting the government's motion to reopen the original detention hearing and requiring Mr. Hiipakka detained pending trial. (Docket 34).

On November 19, 2014, a grand jury issued a superseding indictment against Mr. Hiipakka. (Docket 39). The superseding indictment charged Mr. Hiipakka with the following offenses: count I, attempted enticement of a minor using the internet in violation of 18 U.S.C. § 2422(b); count II, transfer of obscene material to a minor in violation of 18 U.S.C. § 1470; count III distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A); and count IV, possession of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(5)(B). Id.

On November 21, 2014, defendant filed a motion to extend the time to appeal the detention order. (Docket 42). The motion was granted, permitting the defendant to file his motion within ten days following preparation of the transcript of the November 4, 2014, hearing. (Docket 44). On December 15, 2014, defendant timely filed an appeal from the decision of Magistrate Judge Duffy. (Docket 48).

2

On January 15, 2015, the court held a hearing on defendant's appeal. For the reasons stated at the conclusion of the hearing, defendant's appeal is denied.

## DISCUSSION

The Bail Reform Act provides in relevant part:

> The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause . . . a continuance on motion of the attorney for the Government may not exceed three days (not including any intermediate Saturday, Sunday, or legal holiday). . . . The person may be detained pending completion of the hearing.  The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2).

Mr. Hiipakka argues the magistrate judge misinterpreted § 3142(f) by permitting the original bond hearing to be reopened.   (Docket 48 at p. 16).   Mr. Hiipakka asserts that while the government may not have "reviewed all of the information it had on August 27," the evidence presented at the second bond hearing was not "new information for purposes of section 3142(f)."  Id. at p. 17.   Mr. Hiipakka further argues the government waived any right to claim § 3142(f) permits a second bond

3

hearing because the government failed to move for a continuance during the original detention hearing. Id. at p. 18.

The government argues it did request a continuance of the original detention hearing, but Magistrate Judge Simko permitted only a continuance of a few hours. (Docket 51 at p. 5). The government contends the evidence presented at the second bond hearing had not yet been discovered prior to the original bond hearing "despite diligent efforts, because of the volume" of material on defendant's computer. Id. at p. 7. The government's last argument is that the materials subsequently discovered on Mr. Hiipakka's computer were new evidence because it showed the defendant was not merely a possessor of child pornography but also an individual actively engaged in taking steps to make contact with a minor. Id.

ORIGINAL DETENTION HEARING

On Wednesday, August 27, 2014, Mr. Hiipakka was arraigned before Magistrate Judge Simko. (Docket 10 at p. 1). Following the arraignment the government moved for a "brief continuance for the detention portion of the hearing." Id. at p. 2. After initially denying the government's motion, the magistrate judge granted a continuance. Id. The detention hearing reconvened later that same afternoon. Id.; see also Docket 32 at p. 3.

Brent Gromer, a special agent with the South Dakota Division of Criminal Investigation, was the government's first witness at the detention hearing. (Docket 32 at p. 5:18-20). Special Agent Gromer ("SA Gromer") is the Internet

4

Crimes Against Children Commander for the State of South Dakota. Id. at lines 22-23. SA Gromer began his forensic examination of Mr. Hiipakka's computer on Monday, August 25, 2014. Id. at p. 6:11-14. SA Gromer testified he had only just begun the examination, viewing "approximately 10 percent" of a video folder containing "approximately 95,000 images." Id. at p. 8:1-7. As of the afternoon of the detention hearing, SA Gromer "bookmarked 4,880 images of child pornography from within that folder." Id. at lines 16-17.

In addition to this separate video file, SA Gromer testified there were several other folders or subfolders which had been created by the computer user. Id. at p. 9:19-21. As of the detention hearing, SA Gromer was unable to testify whether child pornography images existed in those files because he had not yet examined those folders or prepared a report. Id. at line 22-25. SA Gromer described the images examined. Id. at p. 10:19-11:24. Because he only examined approximately 10 percent of the images as of the detention hearing, the witness was unable to testify whether evidence of the production of child pornography existed on the computer. Id. at p. 12:1-19.

At no time during the course of the detention hearing did the government move for an additional continuance. Section § 3142(f) would have allowed the government three additional days to examine the contents of Mr. Hiipakka's computer while detaining the defendant. 18 U.S.C. § 3142(f)(2).

Based on the evidence presented during the detention hearing, Magistrate Judge Simko concluded a set of release conditions existed which adequately

addressed risk of flight and danger to the community. (Docket 32 at p. 36:6-14). An order setting conditions of release, including electronic monitoring, was entered. (Dockets 8 & 16).

SECOND BOND HEARING

The court designates the subsequent hearing as a "second bond hearing" because of the nature of the government's *ex parte* motion[1] to reconsider bond. (Docket 22). In its motion, the government sought an "Ex Parte Order revoking defendant's bond . . . ." Id. at p. 1; see also p. 8. Yet, during the course of the second bond hearing, the government acknowledged all of the defendant's relevant conduct occurred prior to the original detention hearing and so the hearing was not "a motion to revoke bond based on conduct since [release] . . . ." (Docket 47 at p. 3:2-12).

SA Gromer was the government's only witness during the second bond hearing. Id. at pp. 8-30. SA Gromer testified he had now marked about 10,000 images of child pornography on Mr. Hiipakka's computer, including both still and video images. Id. at p. 9: 9-16. Some of these images were similar to images described during the original detention hearing. Compare Dockets 32 at pp. 10:10-11:10; 47 at pp. 9:22-10:25.

---

[1] The government's motion was filed *ex parte* and the defendant was not given any advance notice of the purpose of the hearing. (Docket 47 at p. 6:7-16). Because of the procedure employed by Magistrate Judge Duffy, defendant's due process rights concerning notice and an opportunity to be heard during the second bond hearing were addressed and protected. Id. at p. 7:19-8:11.

6

After the original detention hearing, SA Gromer discovered Google searches, including one site describing the five steps for grooming children by a pedophile and another site identifying foster homes in the area around Mr. Hiipakka's residence. (Docket 47 at p. 11:1-12:24). This subsequent investigation also disclosed over 1,000 conversation threads between Mr. Hiipakka and other individuals. Id. at p. 13:4-19.

Among the individuals with whom Mr. Hiipakka had been communicating was a 14-year-old boy. Id. at p. 13:20-25. Mr. Hiipakka provided about 50 video images of child pornography to this boy. Id. at p. 15:3-7. Some of the children depicted in these images were as young as 1 to 3 years old. Id. at lines 12-19. SA Gromer testified about another string of communications with a young adult male. During these conversations, Mr. Hiipakka provided advice on how to rape the young man's 8-year-old brother. Id. at p. 27:4-29:12.

On November 13, 2014, Magistrate Judge Duffy granted the government's motion to reopen the detention hearing and granted the government's motion to have Mr. Hiipakka detained pending trial. (Docket 34). The magistrate judge concluded:

> [T]he government has shown appropriate grounds to reopen the bond hearing last held on August 27, 2014. At the time of the initial bond hearing, the uncontradicted testimony was that Agent Gromer had been conducting his forensic examination of Mr. Hiipakka's computer diligently since it came into his possession two days earlier. In spite of Agent Gromer's diligent work, he had only been able to examine approximately 10 percent of a single file on Mr. Hiipakka's computer.

Id. at p. 15.   In the magistrate judge's view, "the newly presented evidence is that Mr. Hiipakka was in the stages of actively trying to make contact with a child, or at the very least, actively contemplating doing so.   His chats with both the 14-year-old, who Mr. Hiipakka had every reason to believe was a minor, as well as with the 19-year-old, show a person who has crossed the line from passive voyeurism to one who seeks action, even if only vicariously."   Id. at p. 16.   Magistrate Judge Duffy concluded "the factors under § 3142(g) dictate that Mr. Hiipakka be detained based on the danger he poses to the community."   Id.   It is from this decision that Mr. Hiipakka appeals.   (Docket 48).

"Under federal law, 'a detention hearing *may* be reopened' if certain conditions are met. . . . We have held that the use of the word 'may' as opposed to 'will,' for example, implies that the district court has discretion in determining whether to grant the motion."   United States v. Watson, 475 F. App'x 598, 599 (6th Cir. 2012) (citing 18 U.S.C. § 3142(f), additional quotation marks and citation omitted, emphasis in original).   "A detention hearing may be reopened if 1) new information exists that was unknown to the movant at the time of the hearing; and 2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community."   Id. at p. 600 (referencing 18 U.S.C. § 3142(f)(2)(B)).   "[U]se of the word 'may' indicates discretion on the part of the district court.   Thus, there is no requirement to reopen a detention hearing on the basis of suppressed evidence [post-arrest

8

statement and items found on defendant's person at time of arrest]." Id. at p. 601.

"As written, the reopening provision [Pub.L. No. 99–646, § 72; codified at 18 U.S.C. § 3142(f)] is, in effect, a codification of a court's inherent reconsideration authority tempered by the understanding that, to promote finality, preserve judicial resources, and discourage piecemeal presentations, a court should not reconsider a decision based on information that could have been presented the first time around." United States v. Pon, No. 3:14-cr-75-J-39PDB, 2014 WL 3340584, at *9 (M.D. Fla. May 29, 2014). "Under the provision, reopening is unwarranted if the newly offered evidence was available at the time of the hearing." Id. (referencing United States v. Dillon, 938 F.2d 1412, 1415 (1st Cir. 1991); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989)).

Although § 3142(f) requires the government to present its case for detention during the initial hearing, the United States Court of Appeals for the Eighth Circuit acknowledges "that in the exceptional instance when a magistrate has made a decision to release and subsequently evidence comes to light which could not reasonably have been brought in at the first appearance, and that evidence indicates a strong likelihood that the defendant is a flight risk or a danger to the community, the magistrate or the district court would have power to order detention under § 3142(e), regardless of the fact that the time for a § 3142(f) hearing had passed." United States v. Holloway, 781 F.2d 124, 128-29

9

(8th Cir. 1986). It would be inconsistent "with the underlying purposes of the present Act to deny to the court the power to amend or revoke its decision on release at any time if there were substantial newly discovered reasons for believing that the release of the defendant would jeopardize the safety of the community or likely result in his fleeing the jurisdiction." Id. at p. 129.

While the government did not seek a three-day continuance authorized by § 3142(f)(2) to allow SA Gromer to continue his forensic examination of Mr. Hiipakka's computer, the court finds the government proceeded in good faith and with due diligence. It was only after the government discovered Mr. Hiipakka may be more than a collector of child pornography, but actually engaged in the distribution of child pornography to minors and sought to acquire young men to participate in unlawful conduct with him, that the government moved to revisit the issue of detention. These are "exceptional circumstances" which require a finding that newly discovered reasons exist for concluding that Mr. Hiipakka presents a danger to the community. Holloway, 781 F.2d at 129. This is not a situation where the government made multiple attempts at changing a magistrate judge's mind, but rather a singular motion with new evidence which was not otherwise readily available at the initial detention hearing.[2]

A factor not available to Magistrate Judge Duffy when the detention order was issued is the superseding indictment. (Docket 39). New offenses charged

---

[2]While defense counsel urges the court to torture the plain language of 18 U.S.C. § 3142(f)(2), that exercise is unnecessary to resolve Mr. Hiipakka's appeal.

include: attempting to entice a minor using the internet, transferring obscene material to a minor, and distribution of child pornography.  Id.  The superseding indictment constitutes probable cause to believe Mr. Hiipakka committed these pro-active offenses and is certainly newly available evidence which the court may consider under § 3142(f)(2).  While not the basis for the court's denial of defendant's appeal, the new charges are the result of additional forensic examination of Mr. Hiipakka's seized computer.

## ORDER

Based on the above analysis, it is hereby

ORDERED that the defendant's appeal (Docket 48) is denied.

IT IS FURTHER ORDERED that Mr. Hiipakka shall be detained pending trial.

Dated January 16, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE